## O'CONNOR v. MILLER et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR.

    In an action for injuries to a servant from a defective hammer, where the defect was proved by direct evidence, the incidental disclosure, without objection, of the fact that the defect had been obviated after the accident, was not reversible error.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

Appeal from Queens County Court.

Action by Patrick O'Connor against Thompson W. Miller and another, copartners. From a judgment for plaintiff, and from an order ·denying a new trial, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

James B. Henney, for appellants.

Edwin D. Webb, for respondent.

HIRSCHBERG, P. J.    The plaintiff has recovered a small judgment for injuries sustained while working for the defendants in a stoneyard.  He was holding a drill, which was being inserted in a large piece of stone, and which was being struck by hammers in the hands of two other employés.  It appears that the handle of one of the hammers, which had been in use in the yard for some considerable time, was not wedged into the head of the hammer, and that in consequence the head left the handle and struck him on the head.  There was some slight evidence to indicate constructive notice of the condition of the hammer on the part of the defendants, assuming that such notice is necessary; and the only point raised on the appeal is that reversible error was committed in allowing proof that the hammer in question, introduced in evidence, had been repaired by the insertion of a proper wedge since the accident.

I do not think the point is good.  When the hammer was produced upon the trial, the witness who identified it said it was not exactly the same as it was on the day of the accident; that there was a change made in it.  The court then asked, "What is the difference?"  And the witness answered, "This iron wedge put here."  The case is quite different from Schultz v. Barber Asphalt Paving Co., 127 App. Div. 305, 111 N. Y. Supp. 281, cited by the appellants.  In that case there was no evidence, aside from the happening of the accident itself, of any negligence on the part of the defendant; and proof that, following the injury, repairs were made to the machine, which proof was received under objection, was the only evidence of the existence of a defect.  Here, however, the defect was proved by direct evidence, and the fact that it had been obviated after the accident was disclosed incidentally and without objection, and knowledge of the fact on the part of the jury · could not possibly have been avoided.

I recommend that the judgment and order be affirmed, with costs.

Judgment and order of the County Court of Queens county unanimously affirmed, with costs.  All concur.